Cindy Lou **FONNER**

v.

**Richard Eugene FONNER, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1999.
Filed May 21, 1999.

---

5. Wife testified that she last held a job in 1984 and earned approximately $5.00 per hour.

Avram Rosen, Coraopolis, for appellant.

Thomas J. Michael, Pittsburgh, for appellee. (Not present for argument.)

Before JOHNSON, FORD ELLIOTT, and ORIE MELVIN, JJ.

FORD ELLIOTT, J.:

¶ 1 This is an appeal from a protection from abuse order entered against appellant Richard Eugene Fonner. On June 10, 1998, the trial court ordered appellant to refrain from abusing, harassing, or stalking appellee Cindy Lou Fonner and their three minor children, prohibited appellant from entering the place of employment, business, or school/daycare of appellee and the minor children, evicted appellant from the marital residence, and granted custody of the minor children to appellee. Appellant filed a motion for reconsideration. Following argument on appellant's motion, the trial court amended the June 10, 1998 order and granted appellant supervised visitation with the minor children each Sunday from 10:00 a.m. to 7:00 p.m. On appeal, appellant argues the trial court erred in finding that the evidence was sufficient to establish that abuse occurred as defined in the Protection from Abuse Act.

¶ 2 "When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence." *Miller on Behalf of Walker v. Walker*, 445 Pa.Super. 537, 665 A.2d 1252, 1255 (1995). *See* 23 Pa.C.S.A. § 6107(a) ("the plaintiff must prove the allegation of abuse by a preponderance of the evidence"). This court defers to the credibility determinations of the trial court as to witnesses who appeared before it. *Alfred v. Braxton*, 442 Pa.Super. 381, 659 A.2d 1040, 1043 (1995). Having determined our standard of review, we analyze whether the evidence in the present case was sufficient.

¶ 3 The purpose of the Protection from Abuse Act ("the Act"), 23 Pa.C.S.A. § 6101 *et seq.*, is to protect the victims of domestic violence from the perpetrators of such abuse. *See Snyder v. Snyder*, 427 Pa.Super. 494, 629 A.2d 977, 981 (1993) (the primary goal of the Act is not retrospective punishment but "advance prevention of physical and sexual abuse"). Abuse as defined by the Act includes: (1) intentionally, knowingly, or recklessly causing bodily injury; (2) placing another in reasonable fear of imminent serious bodily injury; (3) the infliction of false imprisonment; (4) physically or sexually abusing minor children; and (5) knowingly engaging in a course of conduct or repeatedly committing acts toward another person including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. 23 Pa.C.S.A. § 6102(a)(1)–(5). Here, the trial court found abuse as defined by § 6102(a)(2), placing another in reasonable fear of imminent serious bodily injury.[1]

---

**1.** While the trial court did not specifically state that it found abuse based on

¶ 4    At the June 10, 1998 hearing conducted to address the allegations of abuse, testimony was received from appellee and appellant. Both parties were represented by counsel. According to appellee during the evening hours of June 2, 1998 and the early morning hours of June 3, 1998, the parties began to argue. (Notes of testimony, 6/10/98 at 5.) Appellee testified that the argument concerned the parties' divorce [2] and appellant's opposition to it. (*Id.*) Appellee stated that appellant was angry, upset, loud, and was badgering her. (*Id.* at 6.) When appellee attempted to leave the room in which the argument was taking place, appellant restricted her movement by standing in front of her. (*Id.* at 5.) Appellant touched appellee's arm and held it. (*Id.* at 7.) Appellee then pulled away and walked around him. (*Id.*) Appellant followed appellee into the next room. (*Id.*) Standing at a fairly close distance to appellee,[3] appellant then punched the wall in front of appellee. (*Id.* at 7–8.) Appellee then testified that appellant threatened to hit her and she believed that he would hit her. (*Id.* at 8.) She went on to testify that appellant had threatened to hit her when they had argued in the past. (*Id.*) Appellee, in fear of being injured by appellant, called the police. (*Id.*)

¶ 5    Appellant testified that he did not threaten to hit appellee on the night in question. (*Id.* at 33.) Appellant was specifically asked: "Did you do anything on that night on June 2 nd to make her reasonably think that you would possibly hit her?" (*Id.*) Appellant responded: "No, I can't think of anything I would have.  No.

No." (*Id.*) Appellant denied threatening or grabbing appellee. (*Id.* at 36.) On cross-examination, appellant was asked: So "[a]ll those issues she brought up . . ., they were all wrong?" He responded: "Yes. Yes, I would say they are wrong." (*Id.*) At the conclusion of the hearing, the trial court granted appellee's request for a protection from abuse order.

¶ 6    Appellant now argues to this court that cases involving the finding of abuse based on a reasonable fear of imminent serious bodily injury require more than screaming and wall punching. (Appellant's brief at 7.) Basically, appellant contends that in order for a victim to meet her burden of proving a reasonable fear of imminent serious bodily injury that physical contact with the victim should occur. In support thereof, appellant cites three cases: *Snyder, supra* ; *Weir v. Weir*, 428 Pa.Super. 515, 631 A.2d 650 (1993); and *DeHaas v. DeHaas*, 708 A.2d 100 (Pa.Super.1998), *appeal denied*, 1998 Pa. Lexis 2490 (Pa. November 10, 1998).

¶ 7    We note that *Snyder, supra*, and *Weir, supra*, were decided prior to the Act's amendment in 1994. Both cases involved a finding of abuse under § 6102(a)(2) which, at the time, read: "Placing **by physical menace** another in fear of imminent serious bodily injury." (emphasis added) After the Act's amendment in 1994, the words "by physical menace" were deleted. Since the instant case arose after the Act was amended, appellant's reliance on *Snyder* or *Weir* is unavailing.[4]

§ 6102(a)(2), appellant believes and premises his argument on that particular section. Given the facts of this case, we agree that abuse was found under § 6102(a)(2).

2.  Appellee had filed a complaint in divorce sometime in May 1998. (Notes of testimony, 6/10/98 at 20.)

3.  Appellee was asked how close the punch came to hitting her. (Notes of testimony, 6/10/98 at 7.) She described the physical distance as "The distance between this podium and the bench." (*Id.*)

4.  Appellant states that *Weir, supra* and *Snyder, supra* involved physical contact with the victim which, in turn, enabled the victim to meet her burden of proving "reasonable fear of imminent serious bodily injury." (Appellant's brief at 7.) We point out that at the time *Weir* and *Snyder* were decided, the definition of § 6102(a)(2) did not include the word "reasonable" but rather included the phrase "by physical menace." Both cases involved the victim being placed by the defendant's **physical menace** in fear of imminent serious bodily injury. In *Weir* there was no physical contact between appellant and appellee. This court

¶ 8 The amended version of § 6102(a)(2) provides that the victim's fear of serious bodily injury must simply be reasonable. This section does not call for actual physical violence as argued by appellant. Even though *DeHaas, supra*, was decided after the Act was amended, it does not support appellant's position that physical contact should or must occur in order to gain protection under § 6102(a)(2).

¶ 9 In *DeHaas*, appellee father, on behalf of his three children, petitioned the trial court for a protection from abuse order against his wife. The facts underlying the petition alleged that Mrs. DeHaas, while bathing one of the parties' children, became angry and held the child down on her back in the bathtub and splashed water in the child's face until the child began to choke. Mrs. DeHaas claimed that she did not attempt to inflict any physical injury on the child and, in fact, the child did not suffer any physical injury. The trial court found abuse had occurred under § 6102(a)(2). In affirming the trial court, we opined: "As the Act clearly states, [ ], the victim of abuse need not suffer actual injury, but rather be in reasonable fear of imminent serious bodily injury." *Id.* at 102.

■ ¶ 10 Instantly, the only physical contact to occur, according to appellee, was when appellant touched her arm. Appellee testified appellant was loud, angry and badgering her on the night in question. Appellant briefly restricted appellee's movement and touched her arm. When appellee pulled away, appellant followed her and punched a wall near appellee. Based on appellant's actions, appellee was in fear of imminent serious bodily injury.

held that appellant's conduct in driving at an excessive rate of speed over dark and winding mountain roads and in pinning appellee against a concrete bridge abutment with a van certainly constituted an attempt to cause bodily injury or serious bodily injury to appellee, and could also be viewed as placing appellee, by physical menace, in fear of sustaining imminent serious bodily injury. *Weir*, 631 A.2d at 654.

This fear caused her to call the police. The trial court found appellee's testimony credible, and granted her petition. *See Williamson v. Williamson*, 402 Pa.Super. 276, 586 A.2d 967 (1991) (finder of fact is entitled to weigh the evidence presented, assess its credibility, and believe all, part, or none of what is presented). We find that this evidence, as accepted by the trial court, constitutes "reasonable fear of imminent serious bodily injury" as required by the Act.

■ ¶ 11 While physical contact may occur, it is not a pre-requisite for a finding of abuse under § 6102(a)(2) of the Act. Moreover, if the goal of the Act is to prevent physical and sexual abuse, *see Snyder, supra*, then clearly a victim need not wait for physical or sexual abuse to occur in order for the Act to apply. Here, the issuance of the PFA order was appropriate.

¶ 12 Order affirmed.

*Snyder* involved an escalating pattern of abusive conduct which culminated in an incident where the husband physically restrained his wife, threw her to the floor, and threatened to have sex with her. *Snyder*, 629 A.2d at 983. In concluding that the evidence was sufficient to establish abuse under at least two subsections of the Act, this court found that wife was placed by the husband's physical menace in fear of imminent serious bodily harm. *Id.*