J-A07010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| A.Q.P., III | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1010 MDA 2017 |

Appeal from the Order Entered May 23, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2017 CV 03480 AB

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED AUGUST 31, 2018**

A.Q.P. ("Appellant") appeals the order of the Court of Common Pleas of

Dauphin County granting the petition for Protection from Abuse ("PFA") filed

by his former girlfriend, A.A. ("Appellee"). After careful review, we affirm.

As stated above, the Appellant is the former boyfriend of the Appellee.[1]

At the hearing held on May 23, 2017, A.A. testified as to a series of events

that left her concerned about her safety and whether A.Q.P. would cause her

---

* Former Justice specially assigned to the Superior Court.

[1] The Petition filed by the Appellee on May 4, 2017, adequately identifies the jurisdictional information necessary for an action under the Protection from Abuse Act, ("the PFA Act"), 23 Pa.C.S.A. §§ 6101 *et seq.*

harm. Her worries started in late 2016. After their breakup, and although Appellee told A.Q.P. to stop contacting her, he continued to send her text messages and additionally sent her current boyfriend, Christian, threats by way of messages on Facebook to Christian's ex-girlfriend. Hearing, 5-23-17 at 6. She told him again to stop contacting her, but he ignored her requests and instead sent her gifts for her birthday and Christmas, and continued to try to contact her. *Id*.

A.A. then blocked his number on her cell phone, but she received a text message from a blocked number. *Id*. at 4, 6. The only blocked number on her phone was Appellant's number. *Id*. He again tried to contact her by leaving flowers and a card at her apartment in early 2017. *Id*. at 6.

In February 2017, A.Q.P. contacted her with the threat that she should not bring her current boyfriend to his "city unless you want bad things to happen. He threatened us to leave." *Id*. at 5. This text message occurred while A.A. and her boyfriend were at the gym. A.Q.P. texted her that he would meet them at LA Fitness on Jonestown Road and "would wait outside and fight my current boyfriend Christian." *Id*. A.Q.P. also threatened "to ruin my career with pictures sent from me to him over two years ago when we were in a relationship." *Id*. at 5.

She again received text messages from A.Q.P. on March 4 and 12, 2017. *Id*. at 4. She did not reply to the text messages. Then, on March 14, he sent her a text message which stated, *inter alia*, words to the effect "I wanted to

- 2 -

say I hope my eyes were deceiving me but I think I saw your new boyfriend. . . . " *Id*. This was followed with an unexplained incident where someone filled her current boyfriend's gas tank with water and sugar, causing in excess of $3,000 in damages. *Id*. at 4, 8-9.

Appellant did not testify at the final hearing held under the Act.

At the conclusion of the hearing, A.A. testified that these contacts made her feel that "[h]e threatened both of us." *Id*. at 7. She requested a PFA order for two or three years. Following the hearing, the trial court entered an order granting Appellee a no contact order under the Act against Appellant. In doing so, the trial court found A.A. to be a credible witness. The trial court stated in its written decision:

> In sum, the events described by the Plaintiff including the text messages, visit to L.A. Fitness, the water and sugar in the car, and the photographs on the phone, as well as the demeanor and body mannerisms of the Plaintiff, indicate that the Plaintiff was in reasonable fear of imminent serious bodily injury or established a course of conduct by the Defendant which placed the Plaintiff in reasonable fear of bodily injury.

Opinion, 7-19-17, at 4.

The trial court indicated that its order would be in effect for twelve months. Appellant filed this timely appeal.

Appellant raises four issues for our review on appeal:

> (1)    Whether the appellee proved the allegation of abuse by a preponderance of the evidence;
>
> (2)    Whether the trial judge abused his discretion in concluding that the appellee presented any evidence

that meets the definition of abuse contained in 23 Pa.C.S. § 6102;

(3) Whether the trial judge abused his discretion by concluding that the evidence presented at the hearing was sufficient to support an Order of Protection; and

(4) Whether the Trial Court Judge abused his discretion by reaching conclusions not supported by the evidence presented at the hearing.

Appellant's Brief, at 6.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***Boykai v. Young***, 83 A.3d 1043, 1045 (Pa. Super. 2014) (citation and internal quotation marks omitted). "The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa. Super. 2008) (citations omitted). The PFA Act defines "abuse," in relevant part, as follows:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
. . .
(2) Placing another in reasonable fear of imminent serious bodily injury.
. . .
(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

On appeal, Appellant contends that the trial court abused its discretion by concluding that there was sufficient evidence to support the PFA order.

> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

*Fonner v. Fonner*, 731 A.2d 160, 161 (Pa. Super. 1999)(internal citations omitted). A "preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004).

In *Buchhalter*, the panel concluded that past acts are significant in determining the reasonableness of a PFA petitioner's fear. 959 A.2d at 1264. Here, the trial court made a credibility determination as to A.A.'s testimony regarding A.Q.P.'s past attempts at contacting her and making threats to her current boyfriend. The threat that took place at the gym occurred when A.A. was present.

Although A.Q.P. claims his contacts with A.A. do not constitute a course of conduct that placed A.A. in reasonable fear of bodily injury, A.A. testified he threatened both A.A. and her current boyfriend as indicated above. A.A.'s

testimony was not contradicted or disputed by Appellant. Despite A.A.'s requests for him to stop texting or otherwise contacting her, he persisted. Then, perhaps coincidentally but seemingly consistent with A.Q.P.'s threats, Christian's car was vandalized to the expense of over $3,000.

Although Appellee did not use the specific word "fear," she clearly testified to her deep concern for her safety, referring to A.Q.P.'s constant attempts at contacting her and increasingly hostile attitude. We conclude there is sufficient evidence to support to justify the entry of the PFA order as Appellant engaged in a repeated course of conduct which placed Appellee in reasonable fear of bodily injury in accordance with 23 Pa.C.S.A. § 6102(a). *See T.K. v. A.Z.*, 157 A.3d 974, 978 (Pa. Super. 2017) (affirming PFA order where evidence established appellant continually stalked and harassed petitioner, although petitioner did not use specific word of "fear" when she testified, because petitioner's testimony clearly indicated strong concern for her safety).

Viewing the evidence in the light most favorable to A.A., we find that the evidence was sufficient to sustain the trial court's decision by a preponderance of the evidence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>08/31/2018</u>