J-A13004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 1884 EDA 2020 |

Appeal from the Order Entered September 1, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 5575 CV 2016,
No. 55750 CV 2016, No. 751 DR 2005

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 30, 2021**

Grazyna Sklodowska-Grezak (Wife) appeals *pro se* from the September 1, 2020 order that denied her "Motion for Contempt, Enforcement of Alimony and Special Reliefs to Reconsider" that she filed on April 20, 2020.  **See** Trial Court Order, 9/1/2020.  After review, we affirm.

In connection with Wife's and Wieslaw Grezak's (Husband) divorce, the trial court ordered Husband to pay to Wife alimony of $500 per month for twenty-four months.  **See** Trial Court Order, 3/28/2019.  Thereafter, Wife filed numerous motions with the trial court, some of which concerned Husband's

---

[*] Former Justice specially assigned to the Superior Court.

J-A13004-21

alleged failure to timely make the alimony payments.[1]  As a result, on February 3, 2020, the trial court issued an order, which stated:

> [Wife] shall provide the ABA routing number and account number of her checking account to [Husband's] attorney within three (3) days from the date hereof.  Once that information is provided, [Husband] shall FORTHWITH deposit the sum of $2,000.00 into [Wife's] account representing alimony arrearages.  All further payments o[f] alimony shall be made by electronic wire from [Husband] directly to [Wife's] account.

Trial Court Order, 2/3/2020.

Then, on April 20, 2020, Wife filed the motion underlying this appeal, claiming that Husband did not comply with the February 3, 2020 court order. Specifically, Wife claimed Husband still owed her alimony for the month of February 2020, and that he should be held in contempt because he deposited some of the alimony payments by going to the bank in-person to make the deposits rather than using a wire transfer.  Husband responded to Wife's motion, denying her claims and a hearing ensued on August 31, 2020. Husband provided evidence that he paid the first six payments by check that were signed by Wife for deposit.[2]  The other payments were evidenced by receipts showing that Husband delivered the payments directly to the bank in-person.  Despite Wife's contention that Husband still owed her for the

_____

[1] In reviewing the record in this matter, we are aware of an extensive number of appeals that Wife has filed with this Court.  In fact, Husband claims that the present appeal is the ninth appeal Wife has filed with this Court.  ***See*** Husband's brief at 7.

[2] The first of these payments was the check for $2,000 for the months of November 2019 through February 2020.

- 2 -

February 2020 payment, based on the evidence presented at the hearing, the court informed Wife that the payment due for February 2020 was paid. The court then issued the September 1, 2020 order, now on appeal, denying Wife's motion. Specifically, the court stated that "[d]uring the hearing [Husband] introduced evidence corroborating the alimony payments in compliance with our February 3, 2020 [o]rder. After reviewing [Wife's] [m]otion and the evidence presented at hearing, we determined that [Husband] was not in contempt of court and we denied [Wife's] [m]otion." Trial Court's Pa.R.A.P. 1925(a) Statement.

On October 1, 2020, Wife filed her appeal to this Court, raising the following issues for our review as stated *verbatim* in her brief:

1. Whether Husband has willfully failed to comply again after the hearing with February 3, 2020 court's order directing him to make October 1, 2019 payment of alimony/support when provided no documentation and created and preserved falsified evidence using perjured testimony that he is not in contempt. [consolidated with] Whether Husband should be charged with willful contempt in the matter of alimony/support and Wife should be awarded with all special reliefs she requested after the date of November 1, 2020.

2. Whether no authority existed that permitting ongoing perjury, false swearing, unsworn falsification to authorities, false reports to law enforcement authorities of Husband when Wife proceeded with due diligence.

3. Whether Husband has failed to comply with court's order to make the wire transfer of alimony/support to Wife's bank's account. [consolidated with] Whether Husband should be charged with willful contempt in the matter of alimony/support and Wife should be awarded with all special relief she requested after the date of November 1, 2019.

- 3 -

4. Whether Husband should be charged with willful contempt in the matter of alimony/support and Wife should be awarded with all special reliefs she requested after the date of November 1, 2020.

5. Whether alimony/support should be modified because of material and substantial change of circumstances after the date of November 1, 2020.

Wife's brief at 4.

In reviewing contempt orders, we must consider that:

> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge. On appeal from a court's order holding a party in contempt of court, our scope of review is very narrow. We are limited to determining whether the trial court committed a clear abuse of discretion.

**Garr v. Peters,** 773 A.2d 183, 189 (Pa. Super. 2001) (citations and quotation marks omitted).

**Barna v. Langendoerfer**, 246 A.3d 343, 346 (Pa. Super. 2021). Additionally, "[w]e are mindful that this Court defers to the credibility determinations of the trial court with regard to the witnesses who appeared before it, as that court has had the opportunity to observe their demeanor." **Garr**, 773 A.2d at 189 (citing **Fonner v. Fonner**, 731 A.2d 160, 161 (Pa. Super. 1999)).

Moreover,

[o]ur standard of review from an order denying a petition for civil contempt is as follows. This Court will reverse a trial court's order denying a civil contempt petition only upon a showing that the

- 4 -

trial court misapplied the law or exercised its discretion in a manner lacking reason. ***Harcar v. Harcar***, 982 A.2d 1230, 1234 (Pa. Super. 2009) (citations omitted). In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. ***Lachat v. Hinchliffe***, 769 A.2d 481, 489 (Pa. Super. 2001) (citations omitted). To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. ***Id.***

***MacDougal v. MacDougall***, 49 A.3d 890, 892 (Pa. Super. 2012).

The thrust of Wife's first argument appears to rest on her allegations that Husband failed to prove that he had paid the alimony due her and that he falsely testified under oath and presented fake documents in an attempt to prove that he was current with his alimony payments. This argument is simply an attack on the court's credibility determinations based on Husband's testimony and the documents he submitted into evidence. So long as the record supports the court's findings and recognizing that we defer to the court's credibility determinations, we are compelled to affirm the trial court's decision not to hold Husband in contempt.

The discussion contained in Wife's brief relating to her second argument merely states that "[t]his question is the matter of law and in pro se [a]ppeal should be determined de novo." Wife's brief at 12. This statement is insufficient to support Wife's second argument. It fails to contain any discussion or citation to authority as required by Pa.R.A.P. 2119(a). Rather,

it appears that Wife is requesting that this Court make findings of fact and credibility determinations, which is the duty of the trial court. Without sufficient discussion and/or citation to authority, Wife has waived this issue.

Wife's third argument concerns Husband's failure to use wire transfers to pay the monthly alimony to Wife. She fails to explain how she was harmed by the direct deposits in contrast to wire transfers. Obviously, the trial court concluded that Wife received the payments due regardless of the method of payment. Thus, the court determined that Wife failed to prove Husband was in contempt of the February 3, 2020 order. However, more importantly, Wife appears to be arguing that Husband's direct, in-person deposits of the alimony payments were an attempt by Husband to "hide his income and assets." Wife's brief at 14. Wife also asserts that Husband "willfully failed to report a material change in circumstances of his higher income when he was ordered to pay arrears…." ***Id.*** These assertions were not presented to the court below and, therefore, we will not review them because they are waived. ***See Jahanshahi v. Centura Development Co., Inc.***, 816 A.2d 1179, 1189 (Pa. Super. 2003) ("Claims which have not been raised in the trial court may not be raised for the first time on appeal."). ***See also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Next, we note that Wife's fourth issue is entirely omitted from the argument section of her brief and, therefore, it is waived. As for Wife's fifth

and final issue, she again contends that Husband failed to report a "much higher income" and that the amount of alimony she is due should be increased from $500.00 a month to $1,000.00 a month. Wife's brief at 15. Again, these assertions were not raised in the court below and cannot be raised for the first time on appeal. *See Jahanshahi*, 816 A.2d at 1189; Pa.R.A.P. 302(a).

For all the forgoing reasons, we affirm the trial court's order denying Wife's motion for contempt.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2021