J-S32002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| A.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN SMELTZER | : | |
| | : | |
| Appellant | : | No. 664 MDA 2023 |

Appeal from the Order Entered May 3, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2020-FC-000634-12A

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED: OCTOBER 12, 2023**

Appellant, Jonathan Smeltzer ("Father"), appeals from the Extended Final Protection from Abuse ("PFA") Order entered May 3, 2023, on behalf of his minor child A.S. ("Child").  Father challenges the court's exclusion of testimony from his expert witness and the sufficiency of the evidence.  Upon careful review, we affirm.

The relevant factual and procedural history, as gleaned from the trial court opinion and certified record, is as follows.  Father and Emily Smeltzer ("Mother") are parents to four-year-old Child and share physical and legal custody of Child.

On July 28, 2022, Mother filed a PFA[1] petition on behalf of Child against Father, alleging that Father had manipulated Child's genitalia while changing

---

[1] Pursuant to the PFA Act, 23 Pa.C.S. §§ 6101-6122.

her, and that Child had both observed Father masturbating and "display[ed] sexual behavior" following Father's periods of custody. PFA Petition, 7/28/22, at 2 (unpaginated). The court granted a temporary PFA order the same day and, after a hearing, entered a final PFA order on October 13, 2022.

The PFA order limited Father's contact with Child to fully supervised therapeutic contact and directed Father to identify a therapist who would conduct therapeutic sessions with the goal of facilitating safe contact between Father and Child. In turn, the order directed Mother to provide transportation and ensure Child attended appointments.[2]

In November 2022, Father chose Dianne Mathias, MHS, LPC, RPT-S, to provide therapeutic services. That same month, Child and Mother attended counseling sessions with Ms. Mathias twice, and Father separately attended sessions twice. After two sessions, Mother was concerned that Ms. Mathias was not addressing safe contact and expressed her concerns. In response, Ms. Mathias declined to continue working with the family because Mother questioned her understanding of the purpose of the therapy. As a result of terminating therapy, Father never learned to have safe contact with A.S. Notably, Father did not identify another therapist.

Relevant to this appeal, in April 2023, Father filed a modification petition, requesting early termination of the PFA. In his petition, Father asserted that he had complied with the PFA order by identifying a therapist

---

[2] PFA Order, 10/13/22, at ¶6.

and beginning therapy, but that Mother prevented Father's reunification with Child by terminating the established therapy sessions. Mother filed an answer and counterclaim asking the court to extend the PFA order because the required therapy had not yet occurred. The court scheduled a hearing for May 3, 2023.

On April 26, 2023, Mother filed a motion *in limine* to preclude Ms. Mathias' expert testimony because, *inter alia,* Father violated Pa.R.Civ.P. 1915.8(b) by failing to provide an expert report to Mother 30 days prior to the hearing.[3] Father did not file a written response. At the start of the May 3, 2023 hearing, the court addressed the motion. Father informed the court that Ms. Mathias had not prepared an expert report, but did not object, make an offer of proof, or argue that Rule 1915.8 did not apply.[4] The court granted the motion to preclude Ms. Mathias from testifying, due to the lack of an expert report.

Father was the only witness to testify at the hearing and the court did not find his testimony to be credible.[5] Accordingly, the court dismissed Father's petition and granted Mother's counterclaim, extending the PFA until December 13, 2023, so that the parties could complete therapy.

---

[3] Mother's Motion in *Limine*, 4/26/23, at ¶ 8.

[4] N.T. Hr'g, 5/3/23, at 5.

[5] Trial Ct. Op., 6/23/23, at 11. **See generally** N.T. Hr'g, at 6-19.

Father filed a timely Notice of Appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.[6]

Appellant presents the following issues for our review:

I.    Did the trial court abuse its discretion when it refused to permit Father to present testimony of the therapist in support of Father's claim that Mother had breached the terms of the [PFA] Order by failing to present [C]hild for therapy? The trial court held that Father could not present the testimony of the therapist because the therapist had not provided a report to the court prior to the hearing, although the therapist had not been appointed by the court and had not been directed to prepare and submit a report to the court.

\* \* \*

II.   Did the trial court abuse its discretion when it granted Mother's petition to extend the [PFA] Order where Mother failed to allege facts in support of the extension, as required by 23 Pa.C.S. § 6108(e); and where Mother had obstructed Father's attempt to comply with the existing order, Mother misrepresented her own cooperation regarding the existing order, no other evidence was presented on the issue, and the trial court made no findings to justify the extension?

\* \* \*

Father's Br. at 6-7 (reordered for ease of disposition) .[7]

_____

[6] This case was designated a Children's Fast Track Appeal. Father filed his Rule 1925(b) Statement contemporaneously with his Notice of Appeal.

[7] Father raised a third issue, that the trial court failed to exercise its discretion when it granted Mother's motion to dismiss Father's petition without addressing the merits. However, this issue is waived, as Father failed to include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement. . .are waived.).

**A.**

We base our review on the following standards. In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. **Custer v. Cochran**, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, an abuse of discretion occurs "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." **Mescanti v. Mescanti**, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted).

**B.**

Father first avers that the trial court abused its discretion by granting Mother's motion *in limine* to preclude Ms. Mathias from testifying. Specifically, Father asserts that Rule 1915.8, which requires him to produce an expert report prior to the hearing, does not apply because the witness had not prepared one. Father's Br. at 37-38.

We agree that Rule 1915.8 does not apply,[8] but nonetheless find that Father failed to preserve this issue for our review. It is axiomatic that an appellant must raise an issue in the trial court to preserve it for appellate review. Pa.R.A.P. 302(a). An appellant may not assert arguments on appeal

---

[8] Rule 1915.8 does not apply because this is not a custody case, and the court did not order an examination of A.S. to facilitate a custody decision. Pa.R.Civ.P. 1915.8(a) cmt.

that he did not present to the trial court.  ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008).

Here, Father did not provide the trial court with a legal basis to allow Ms. Mathias to testify.  He failed to argue at the hearing that Pa.R.Civ.P. 1915.8 did not apply and that Pa.R.E. 705 permitted Ms. Mathias to testify. N.T. Hr'g, at 3-5, 24, 28.  Instead, he raises these arguments for the first time on appeal.  Therefore, Father did not preserve this issue, and it is waived.[9]

Father also argues that, in the alternative, the court erred in precluding Ms. Mathias from testifying as a fact witness.   Father's Br. at 38.  Our review indicates that Father never requested that the trial court allow Ms. Mathias to testify as a fact witness, and that he failed to raise this issue in his Rule 1925(b) Statement.  In his Statement, Father asserted that the court erred by "preventing [Ms. Mathias'] expert testimony," but does not address her testifying as a fact witness.  Rule 1925(b) Statement, 5/3/23, at 1.  Therefore, Father has also waived this claim.  ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement. . .are waived.).

Based on the above, we conclude Father failed to preserve his challenges, and this issue merits no further review.

---

[9] Furthermore, Appellant has not complied with our briefing rules because he did not must indicate, in either his Statement of the Case or Argument, where he preserved this issue for review with citations to the record.  Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e).

- 6 -

**C.**

In his second issue, Father purports to challenge the court's partial grant of Mother's counterclaim requesting an extension of the PFA order on the grounds that the record does not establish that he failed to comply with the PFA order. Father's Br. at 26-31. Specifically, Father argues that the trial court erred in not crediting his testimony that it was Mother's action that resulted in the termination of therapy. *Id.* at 31. By arguing the issue of credibility, however, Father is challenging the weight, not the sufficiency, of the evidence.

Our standard of review is well settled. "When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and grant[] her the benefit of all reasonable inference[s], [to] determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence." *Fonner v. Fonner*, 731 A.2d 160, 161 (Pa. Super. 1999) (citation omitted). "This court defers to the credibility determinations of the trial court as to witnesses who appeared before it." *Id.*

Finally, to extend a PFA order, the trial court must find "that the defendant committed one or more acts of abuse subsequent to the entry of the final order **or that the defendant engaged in a pattern or practice that indicates continued risk of harm** to the plaintiff or minor child." 23 Pa.C.S. § 6108(e)(1)(i) (emphasis added).

- 7 -

Here, Father challenges the trial court's decision on the grounds that the trial court erred in not finding Father's testimony to be credible. Trial Ct. Op. at 8, 11. We, however, must defer to the trial court's credibility determinations and thus, find Father's argument unpersuasive. *Fonner*, 731 A.2d at 161.

Moreover, our review indicates that the trial court's extension of the PFA order is supported by the record. In its Rule 1925(a) opinion, the trial court emphasized that Father's failure to find an alternative therapist for Child created a continued risk of harm to Child. The court opined:

> As already stated, for approximately six months after the breakdown of the therapeutic setting in which Father was to interact with and see [Child], Father did not obtain another therapist to facilitate Father seeing his child. The PFA order envisioned contact between Father and [C]hild being reestablished within the therapeutic setting. This was clearly a requirement that Father repeatedly did not fulfill in an ongoing pattern or practice indicating a risk of harm to [Child] by dint [*sic*] of Father not complying with court directives and Father attempting to obviate the portion of the PFA order (paragraph six) designed to facilitate Father's *safe* interaction with his daughter.

Trial Ct. Op. at 13-14 (emphasis in original).

The record supports the trial court's finding. The original purpose of the PFA order was to ensure that Child had a safe environment in which to interact with Father. PFA Order at ¶6. The order directed Father to facilitate that goal by obtaining a therapist who would impart his or her professional knowledge and skills to ensure safe contact. *Id.*; N.T. Hr'g, at 28. Father failed to do so.

Based on our review and pursuant to our standard of review, we conclude that the trial court properly exercised its discretion in extending the PFA order.

**D.**

In conclusion, the trial court did not abuse its discretion when it dismissed Father's petition to modify the PFA order and granted Mother's counterclaim. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:10/12/2023