Carol Lee BURKE, and on Behalf of Christopher J. BURKE, Jeffrey Burke, Appellants

v.

Jeffrey S. BAUMAN, Appellee

Appeal of Carol Lee Burke.

Superior Court of Pennsylvania.

Argued Oct. 22, 2002.
Filed Dec. 18, 2002.

Joseph M. Olimpi, Aliquippa, for appellant.

Before: MUSMANNO, LALLY–GREEN, and KLEIN, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, Carol Lee Burke, appeals from the order dated September 7, 2001,

summarily dismissing her petition for a Protection from Abuse (PFA) order. We reverse and remand for further proceedings.

¶ 2 The procedural history of the case is as follows. On August 31, 2001, Appellant filed a PFA petition against her former boyfriend, Jeffrey S. Bauman. She alleged the following. On August 23, 2001, Bauman called her to retrieve his clothes from her residence. In the course of this telephone call, the two discussed criminal charges that Bauman was facing for destroying Appellant's property. Bauman said: (1) "I'll get you back. You are going to burn for this"; (2) "These are promises, not threats"; and (3) "I will be thinking every day if I go to jail how I can't wait to get out and make you pay. I'm going to get someone to destroy you and the rest of your stuff." In prior incidents, Bauman was physically and mentally abusive toward Appellant and her minor children, including kicking holes in walls and doors, smashing her son's TV, having "fits of rage" against the children, pushing Appellant, and destroying her car and household property. On the same day, the court entered a temporary PFA order against Bauman. A court hearing on the petition was scheduled for September 7, 2001.

¶ 3 There is no transcript of the hearing in the certified record,[1] and the record does not reflect what took place. On the date of the hearing, the trial court issued the following order:

It appearing to the Court through counsel for both parties, that a telephone call from [Bauman] to [Appellant] demanding the return of his personal possessions is the basis for this alleged PFA, the Complaint is dismissed with preju-

---

1. Appellant filed a Request for Transcript under Pa.R.A.P.1922, but no transcript was filed.

dice and the temporary order of August 21, 2001 is hereby vacated.

[Appellant] is ordered to return to [Bauman] forthwith all of his personal possessions that are currently in her possession.

Trial Court Order, 9/7/2001.

¶ 4 On October 9, 2001, Appellant filed a motion for reconsideration, which was denied the same day. Also on the same day, Appellant filed a notice of appeal.[2] The trial court did not ask Appellant to file a Concise Statement of Matters Complained of on Appeal. The court did write a brief opinion dated January 11, 2002, stating the following. Appellant did not appear for the September 7 hearing because she was reportedly hospitalized. The trial court denied Appellant's counsel's request for a continuance. The court reasoned as follows:

[During an in camera discussion], it was agreed between counsel that the basis for the underlying Temporary [PFA] was a telephone call from [Burke] to [Appellant] demanding the return of his personal items. We determined as a result of the discussion to dismiss the temporary [PFA] as having been improvidently granted and to require [Appellant] to return to [Bauman] his personal items. No record was made of the *in camera* proceedings, none having been requested.

Trial Court Opinion, 1/11/2002, at 2.

■■ ¶ 5 Appellant argues that the trial court erred by failing to grant the continuance and by failing to hold an evidentiary hearing. In the PFA context, the court's legal conclusions will be reviewed for an error of law or abuse of discretion. *Snyder v. Snyder*, 427 Pa.Super. 494, 629 A.2d 977, 982 (1993). Under the Protec-

tion From Abuse Act, ("the Act"), 23 Pa. C.S.A. § 6101 *et seq.*, evidentiary hearings are mandatory.

The [Act] provides that '[w]ithin ten days of the filing of a petition under this chapter, a hearing **shall** be held before the court[.]' 23 Pa.C.S.A. § 6107(a) (emphasis added). The PFAA's usage of the term "shall" has been construed as creating a mandatory duty to conduct a hearing on the merits of the petition. *Heard v. Heard,* 418 Pa.Super. 250, 257, 614 A.2d 255, 259 (1992).

*Weir v. Weir,* 428 Pa.Super. 515, 631 A.2d 650, 654 (1993).

■■ ¶ 6 The Act was created to protect the victims of domestic violence from their abusers. *Fonner v. Fonner,* 731 A.2d 160, 161 (Pa.Super.1999). Its goal is not punishment of abusers for past violent behavior, but "advance prevention of physical and sexual abuse." *Id.* (citation omitted). This Court has recognized the Act as a front line for dealing with the problems associated with spousal and child abuse. *Id.*

■ ¶ 7 Section 6102(a) of the Act defines "abuse" as: "(i) intentionally, knowingly, or recklessly causing bodily injury; (ii) placing another in reasonable fear of imminent bodily injury; (iii) infliction of false imprisonment; (iv) physically or sexually abusing minor children; or, (v) knowingly engaging in a course of conduct or repeatedly committing acts towards another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a). "[T]he victim of abuse need not suffer actual injury, but rather be in reasonable fear of imminent serious bodily injury." *DeHaas v. DeHaas,* 708 A.2d 100,

2. The record reflects that the appeal on October 9, 2001 was timely because the trial court did not serve notice of its September 7, 2001 order until September 10, 2001.

102 (Pa.Super.1998), *appeal denied,* 557 Pa. 629, 732 A.2d 615 (1998).

¶ 8 In the instant case, the trial court articulated only one basis for its decision: namely, an apparent belief that telephone calls can never form the basis of a PFA order. We disagree. It is possible for a person to be placed in reasonable fear of imminent bodily injury based on telephone calls, particularly when coupled with the alleged abuser's past history of violence. *See, D.H. v. B.O.,* 734 A.2d 409, 412 (Pa.Super.1999) (assuming that telephone calls may form the basis of a PFA, but reversing the PFA order because the alleged abuser did not make physical threats). Moreover, the court never held the mandatory evidentiary hearing to determine the merits of Appellant's petition. Under the circumstances, and in the interest of justice, we remand for the trial court to hold an evidentiary hearing and take evidence from Appellant on the allegations set forth in the PFA petition.

¶ 9 Order reversed. Remanded for further proceedings. Jurisdiction relinquished.