J-S11041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN J. MANDLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFREY M. MANDLER, | : | |
| | : | |
| Appellant | : | No. 683 EDA 2015 |

Appeal from the Order February 24, 2015
in the Court of Common Pleas of Chester County,
Domestic Relations at No.(s): 2014-00928-PF

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 29, 2016**

Jeffrey M. Mandler ("Jeffrey") appeals from the Order granting Karen J.

Mandler's ("Karen") request for a final Order for Protection from Abuse

("PFA"), pursuant to the Protection From Abuse Act, 23 Pa.C.S.A. § 6101 *et*

*seq*. ("the PFAA").  We affirm.

The parties were married in 2005 and separated in 2013.[1]  Karen filed

---

[1] The parties, who have one minor child, are presently involved in divorce
litigation.

a PFA Petition[2] on February 11, 2014, which resulted in a temporary PFA Order. The trial court conducted a hearing on January 29, 2015,[3] and entered a final PFA Order on February 24, 2015, pursuant to section 6102(a)(5) of the PFAA.[4] Jeffrey filed a Motion for reconsideration, which the trial court denied. Thereafter, Jeffrey filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Jeffrey raises the following issues for our review:

1. Did the trial court commit an error of law or abuse of discretion in permitting the introduction of evidence without notice to [Jeffrey]?

2. Did the trial court commit an error of law or abuse of discretion in permitting the testimony of a witness whose identity and the substance of her testimony was not disclosed to [Jeffrey] until the hearing commenced[,] and was credited by the trial court in reaching its decision?

---

[2] In her Petition, Karen related an incident wherein Jeffrey became angered and grabbed her by the throat and shoved her against a dresser in the parties' bedroom. The police came to the marital home, handcuffed Jeffrey, and placed him in the back of a police cruiser, where he began to kick the window divider. After they secured a promise from Jeffrey that he would leave Karen alone, the police departed. However, Jeffrey refused to leave Karen alone, resulting in her leaving the premises and re-contacting the police, due to his harassment. On prior occasions, Jeffrey had placed GPS trackers on Karen's automobile, in order to spy on her. **See** PFA Petition, at Attachment A; **see also** Trial Court Order, 8/10/15, at 4 n.1 (unnumbered).

[3] The matter was initially scheduled for hearing on February 20, 2014, but the hearing was continued on several occasions.

[4] The trial court denied relief under section 6102(a)(2). **See** Final PFA Order, 2/24/15, at 2.

3. Did the trial court properly enter a PFA Order based on the testimony of [Karen] that [Jeffrey] abused [her,] as defined by the [PFAA]?

Brief for Appellant at 6 (some capitalization omitted).

"The [PFAA] was created to protect the victims of domestic violence from their abusers. Its goal is not punishment of abusers for past violent behavior, but advance prevention of physical and sexual abuse." *Burke ex rel. Burke v. Bauman*, 814 A.2d 206, 208 (Pa. Super. 2002) (internal citations omitted). The PFAA defines abuse, in relevant part, as follows:

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> ***
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a)(2), (5).

When a claim is presented on appeal that the evidence was not sufficient to support a PFA order, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's findings by a preponderance of the evidence. *Ferri v. Ferri*, 854 A.2d 600, 602 (Pa. Super. 2004). "A preponderance of the evidence is

defined as 'the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.'" **Raker v. Raker**, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted); **see also** 23 Pa.C.S.A. § 6107(a) (providing that the petitioner must prove the allegation of abuse by a preponderance of the evidence). In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. **Ferri**, 854 A.2d at 602.

In his first issue, Jeffrey contends that, following the entry of the temporary PFA Order on February 11, 2014, he received no notification that Karen intended to rely on events that occurred subsequent to the entry of that Order at the final PFA hearing. Brief for Appellant at 17. Jeffrey asserts that he was denied due process of law by the admission of material evidence at the hearing that was not contained in the PFA Petition. **Id**. at 18-19. Jeffrey claims that Karen withheld information about her case from him for nearly eight months. **Id**. at 20. Jeffrey asserts that Karen should have amended her PFA Petition to incorporate the subsequent events. **Id**. at 21.

In its Order, the trial court addressed Jeffrey's first issue, set forth the relevant law, and concluded that it lacks merit. **See** Trial Court Order, 8/10/15, at 2-3 n.1 (unnumbered). We agree with the sound reasoning of the trial court and affirm on this basis as to this issue. **See id**.; **see also Hood-O'Hara v. Wills**, 873 A.2d 757, 761 (Pa. Super 2005) (wherein the

trial court noted that, pursuant to Pa.R.C.P. 1930.5(a), there is no discovery in PFA proceedings unless authorized by a court order).

In his second argument, Jeffrey contends that the trial court erred by permitting Patty Kubicek ("Kubicek") to testify regarding events which occurred subsequent to the temporary PFA Order, where Kubicek had not been interviewed by police, and Jeffrey's counsel had only been given ten minutes to interview Kubicek prior to the hearing. Brief for Appellant at 24, 25. Jeffrey additionally asserts that he "believed that [Kubicek's] testimony was incorrect, but had no means to rebut it other than by description in his own testimony." *Id*.

In its Order denying Jeffrey's Motion for reconsideration, the trial court addressed Jeffrey's second argument, and determined that it is waived. *See* Trial Court Order, 8/10/15, at 3 n.1 (unnumbered). We agree with the sound reasoning of the trial court and affirm on this basis as to this issue. *See id*.; *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Wills*, 873 A.2d at 761 (concluding that appellant's objection to a witness was waived, as he failed to object to the witness at the PFA hearing).[5]

---

[5] The trial court further determined that, even if Jeffrey's second issue had not been waived, it nevertheless lacks merit. *See* Trial Court Order, 8/10/15, at 3 n.1 (unnumbered). We agree with the reasoning of the trial court. *See id*.; *see also Wills*, 873 A.2d at 761 (wherein the trial court

- 5 -

In his third issue, Jeffrey concedes that the trial court found, based on incidents that occurred on February 7, 2014 and March 24, 2014, that Jeffrey had "knowingly engag[ed] in a course conduct or repeatedly commit[ed] acts toward another person including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." Brief for Appellant at 26-27. However, Jeffrey points out that the trial court determined that Karen failed to prove that she had a reasonable fear of imminent serious bodily injury from Jeffrey, pursuant to 23 Pa.C.S.A. § 6102(a)(2). *Id*. at 26. Jeffrey argues that, "[i]f the evidence that was improperly admitted is removed from the record in this case, there is insufficient evidence to support [Karen's] claims of abuse." *Id*. at 27. Jeffrey claims that the only person that the trial court credited in making its decision was Kubicek, who testified regarding events that occurred after the filing of the PFA Petition. *Id*. at 27-28 (unnumbered). Jeffrey asserts that "[t]here is no finding in the original proceedings to support a credibility determination of one party over the other[,] and thus no preponderance of the evidence to support the entry of the [final PFA Order]." *Id*. at 28 (unnumbered). Jeffrey contends that, for this reason, Karen could not prove her entitlement to a final PFA Order, and her Petition should have been dismissed. *Id*.

---

noted that, pursuant to Pa.R.C.P. 1930.5(a), there is no discovery in PFA proceedings unless authorized by a court order).

In its Order, the trial court addressed Jeffrey's third issue, pertaining to section 6102(a)(5), and concluded that it lacks merit. **See** Trial Court Order, 8/10/15, at 4 n.1 (unnumbered). We agree with the sound reasoning of the trial court and affirm on this basis as to this issue. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

Circulated 03/02/2016 02:56 PM

SENT

KAREN J. MANDLER : IN THE COURT OF COMMON PLEAS

       *Plaintiff* : CHESTER COUNTY, PENNSYLVANIA

    v. : CIVIL ACTION - LAW

JEFFREY M. MANDLER : NO. 2014-00928

       *Defendant* : PROTECTION FROM ABUSE

Douglas W. Olshin, Esquire, Attorney for the Plaintiff
Laurie Wyche-Abele, Esquire and Penelope A. Boyd, Esquire, Attorneys for the Defendant

## ORDER

AND NOW, this ___/___ day of August, 2015, upon consideration of Defendant's

Motion for Reconsideration, Plaintiff's Answer to Motion for Reconsideration, and the arguments

of counsel, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.[1]

BY THE COURT:

PATRICK CARMODY           J.

---

[1]    Plaintiff filed a PFA Petition against defendant and a hearing on the matter was held on February 27, 2015. Plaintiff's request for a Final Order for Protection of Abuse was granted pursuant to §6102(a)(5). Her request for a Final Order for Protection of Abuse pursuant to §6102(a)(2) was denied. Defendant thereafter filed a Motion to Reconsider the court's decision. Specifically, he claims he in entitled to relief because:

1. Plaintiff was permitted to offer facts not in the original Petition;
2. Plaintiff failed to identify witnesses prior to the hearing;
3. Defendant was not given ample time to present his case; and
4. Plaintiff failed to prove her case by a preponderance of the evidence.

See Defendant's Motion for Reconsideration. He claims that as a result of the above, he was not able to adequately defend against the allegations made by plaintiff.

With regard to defendant's claim that plaintiff was permitted to offer facts not in the original Petition, the Pennsylvania Superior Court has stated:

> "In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury...." Raker v. Raker, 847 A.2d 720, 725 (Pa. Super. 2004). The intent of the alleged abuser is of no moment. Id. In discussing the appellant's argument concerning incidents not contained in the petition and too remote in time, the Raker court stated:

>> Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and may be reversed on appeal only when a clear abuse of discretion was present. Soda v. Baird, 411 Pa.Super. 80, 600 A.2d 1274 (1991). In Snyder v. Snyder, [427 Pa.Super. 494, 629 A.2d 977 (1993) ], *supra*, the court held that a person filing a protection from abuse petition will not be "rigorously limited to the specific allegation of abuse found in the Petition." 427 Pa.Super. at 502, 629 A.2d at 981. The court further held that in light of the purpose of the Act to "prevent imminent harm to abused person(s)," some flexibility must be allowed in the admission of evidence relating to past acts of abuse. Id. at 503–04, 629 A.2d at 982.

> Miller v. Walker, 445 Pa.Super. 537, 665 A.2d 1252 at 1259. Moreover, the Miller court held that it was not an abuse of discretion for the court to consider evidence of abuse that occurred six years earlier. The court reasoned that:

>> In light of the protective purposes of the act, it was within the trial court's discretion to hear any relevant evidence that would assist it in its obligation to assess the appellee's entitlement to and need for a protection from abuse order. If the trial court found the testimony to involve events too distant in time to possess great relevance to the case, it could certainly have assigned less weight to the testimony. However, it was not an abuse of discretion for the trial court to hear the evidence. Past abusive conduct on the appellant's part was a crucial inquiry necessary for entry of a proper order.

> Raker, 847 A.2d at 726. *See* Custer v. Cochran, 933 A.2d 1050, 1059 n. 11 (relying on Raker and stating that "[i]t is proper for a trial court to admit evidence of prior abusive acts not raised in the PFA petition").

Buchhalter v. Buchhalter, 959 A.2d 1260, 1263 -1264 (Pa. Super. 2008). The court believes that events occurring after the Petition was filed should not be treated any differently than events occurring prior to the Petition being filed. In fact, it is even more crucial for the court to hear any such evidence, as defendant's actions after the Temporary PFA Order was entered offers insight into whether a PFA Order is currently necessary for the protection of the plaintiff. Further, defense counsel conceded that the evidence could be admitted to show that the conduct put plaintiff in fear of bodily injury. See N.T. 1/29/15, p. 10. Further, defendant corroborated all of the events he claims plaintiff should not have been permitted to raise. While he had a different perception/explanation of them, he admitted that they had, in fact, occurred.

Defendant claims that, due to the lack of notice, he was unable to defend against the allegations made against him. He claims that if he had notice of these allegations, he would have been able to offer evidence the rebut same. Specifically, he would offer evidence to show:

1. It is not possible to clearly see the driveway and turnaround at night from the cul de sac;
2. The distance between the cul de sac and the turnaround was far greater than the witness admitted;
3. The defendant, who holds title to the vehicle and who carries the insurance on it, had not been notified of any claim of damage to the vehicle.

See Defendant's Motion for Reconsideration, para. 15. Defendant, however, was able to address these issues during the hearing. He testified that there was no damage to either vehicle as a result of the incident. See N.T. 1/29/15, p. 82. He also testified about the distance between the driveway and the cul de sac and about all obstacles obstructing the view in that area. See N.T. 1/29/15, p. 91. He, therefore, was able to offer evidence rebutting the testimony offered by plaintiff and her witnesses.

Defendant also claims that he was prejudiced in his defense of this matter because plaintiff failed to identify two witnesses prior to the hearing. To remedy this situation, defense counsel was permitted to speak to the witnesses prior to them taking the stand. Defendant made no objections to the witnesses being called after having the chance to talk to them. Thus, defendant waived his right to raise this issue now.

Even if the court were to address the merits of this issue, defendant still would not be entitled to relief. With regard to the testimony of Patty Kubicek, as explained above, defendant largely corroborated the witness's testimony. Further, he was able to rebut her testimony with his own testimony. The court finds, therefore, that he was not prejudiced by the court allowing her to testify.

The court also finds that defendant was not prejudiced by the court permitting the plaintiff to introduce the testimony of Susan Terranova. First, as stated above, defense counsel was given time to talk to her prior to her taking the stand. There were no objections to her testimony afterward. Second, Ms. Terranova merely testified that defendant attended a party that plaintiff was also attending and that she did not witness any poor behavior by defendant. Her testimony did not help plaintiff establish her case against the defendant. Consequently, defendant cannot say he was prejudiced by the introduction of her testimony at the hearing.

Defendant next claims that he was not given ample time to present his case. He claims that, if he had additional time, he would have offered additional testimony regarding the distance of the garage and the cul de sac. See Motion for Reconsideration, para. 27. He bases this claim on the fact that the court indicated that the proceedings could not go beyond 5:30 that day. The court notes that while the parties were informed that the proceedings could not go beyond 5:30 **that day**, they were never told that the hearing would not be continued to another day if necessary. See N.T. 1/29/15, p. 76. Further, as stated above, defendant did, in fact, testify about the distance between the driveway and the cul de sac. See N.T. 1/29/15, p. 91. Since this question was already asked and answered, no additional time on the subject was needed. In addition, after defendant finished testifying, he rested his case after indicating that he had no other witnesses to present. There was no indication by defense counsel that defendant wished to present additional evidence and needed additional time in which to do so. The court finds, based on the record, that defendant had ample time to present his case.

Finally, defendant claims that plaintiff failed to prove her case by a preponderance of the evidence. The court disagrees. Plaintiff testified that on February 9, 2014, she and defendant got into a fight. During the incident, defendant pushed her by the neck into a bureau and police were called. After the police left, he went after her again. He followed her around the house and called her names. She left the house and went to the police station. On three other occasions, she found GPS tracking devises on her car. Defendant was charged with stalking and harassment as a result. He pleaded guilty to harassment on December 10, 2014. On March 24, 2014, defendant was waiting for plaintiff when she returned home from the airport. He approached her car and banged on her window with his fist. He then began tapping on the window with pruning shears while laughing at her. He also hit her car two or three times with his car and pushed it back as far as it would go. Based on all the evidence presented at the hearing, the court finds that plaintiff did, in fact, prove her case by a preponderance of the evidence and that a Final Order for Protection from Abuse was properly granted..

Based on the foregoing, defendant's Motion for Reconsideration is denied.