J-S49029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.N. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN HEPBURN | |
| Appellant | No. 2545 EDA 2015 |

Appeal from the Order July 30, 2015
In the Court of Common Pleas of Pike County
Civil Division at No(s): 871-2015

BEFORE:  PANELLA, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2016**

Appellant, Marvin Hepburn appeals from the order entered on July 30, 2015, granting a petition for protection from abuse ("PFA") filed by R.N.[1] on June 19, 2015.  We affirm.

The trial court summarized the factual and procedural history as follows:

> [R.N.] filed a [PFA petition] *pro se* with [the trial court] on June 19, 2015 pursuant to the Protection From Abuse Act ("PFAA"), 23 Pa.C.S.A. § 6101 et seq.  [R.N.] alleged several grounds in her [PFA petition] which she argued supported granting the [o]rder.  The primary accusation was that [Appellant] raped her on April 15, 2015.  She also stated in the [PFA petition] that she suffered medical complications as a result of the incident, and that [Appellant] had 'threatened to purchase a weapon.'

---

[1]  We have used the victim's initials to protect her identity.

*Former Justice specially assigned to the Superior Court.

[The trial court] held a hearing on July 29, 2015 [wherein counsel represented both parties]. [R.N.] testified at the hearing about her injuries and resulting hospitalization.

[The trial court] granted [R.N.'s] request for a Final [PFA] Order on July 30, 2015 and set the order to expire in three (3) years. Appellant filed a [n]otice of [a]ppeal on August 17, 2015 and [the trial court ordered] a [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal on August 20, 2015.[2]

Trial Court Opinion, 10/19/2015, at 1-2 (internal citations omitted).

On appeal, Appellant presents one issue for our review:

Whether in light of the facts presented, the trial court erred in its granting [of R.N.'s PFA petition]?

Appellant's Brief at 4.

In reviewing the grant of a PFA order, we review the trial court's determinations for an error of law or abuse of discretion. ***Ferri v. Ferri***, 854 A.2d 600, 602 (Pa. Super. 2004), *citing* ***Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002). An abuse of discretion is not simply an error in judgment. ***Ferko-Fox v. Fox***, 68 A.3d 917, 925 (Pa. Super. 2013). An abuse of discretion of the trial court will not be found unless the record shows that the judgment was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. ***Id.***

---

[2] Appellant timely filed his concise statement of errors complained of on appeal on September 10, 2015. On October 19, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

When an appellant claims the evidence was not sufficient to support a PFA order, we review the evidence in the light most favorable to the petitioner and giving her the benefit of all reasonable inferences to determine whether there is sufficient evidence in the record to sustain the trial court's conclusion. **Ferri**, 854 A.2d at 602. A petitioner need not establish beyond a reasonable doubt, that the abuse occurred, but must do so by a preponderance of the evidence. **See** 23 Pa.C.S.A. § 6107(a).

The purpose of the PFAA is to protect victims of violence from those who perpetrate such abuse. **Custer v. Cochran**, 933 A.2d 1050, 1054 (Pa. Super. 2007), *citing* **Lawrence v. Bordner**, 933 A.2d 1109, 1112 (Pa. Super. 2006). Its primary goal is to prevent physical and sexual abuse. **Id.** Abuse may include "attempting to cause or intentionally, knowingly, or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault . . ." or "placing another in reasonable fear of imminent serious bodily injury." 23 Pa.C.S.A. § 6102.

Citing R.N.'s failure to leave his home after the rape occurred, various text messages from R.N. to Appellant, and the lack of police and medical reports from R.N. to support her allegations of rape, Appellant argues there was insufficient evidence of abuse and, thus, the trial court should not have granted the PFA. Appellant's Brief at 5-7. However, the trial court found the victim's testimony about the rape and other abuse credible. It determined her testimony sufficiently established that the rape and ensuing injuries

occurred. Despite Appellant's assertion that R.N.'s testimony was contradictory, upon review of the record, the trial court's credibility determination was not unreasonable or an abuse of discretion. Accordingly, we must defer to the credibility determinations made by the trial court. *Custer*, 933 A.2d at 1058. Moreover, there is no requirement that a police report be filed or medical records be presented as a prerequisite for a PFA order. *Id.* When believed by the trial court, the petitioner's testimony is sufficient to establish abuse and support the issuance of a PFA order. *Id.* Here, the trial court determined R.N.'s testimony to be credible. Accordingly, the trial court properly granted R.N's PFA petition based on her testimony. Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016