J-S49012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LISA ANN ROY | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ALBERT ROY | : | |
| | : | |
| Appellant | : | No. 1656 WDA 2016 |

Appeal from the Order October 3, 2016
In the Court of Common Pleas of Jefferson County
Civil Division at No(s):  807 CD 2016

BEFORE:    DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED AUGUST 8, 2017**

Appellant, Daniel Albert Roy, appeals from the October 3, 2016 Order entered in the Jefferson County Court of Common Pleas granting the Petition for Protection for Abuse ("PFA") filed by Appellee, Lisa Ann Roy.   Upon review, we are constrained to vacate the Order and remand for an evidentiary hearing as required by 23 Pa.C.S. § 6107(a).

A detailed factual and procedural history is not necessary to our disposition.  In sum, on September 23, 2016, Appellee filed a PFA Petition against Appellant.  That same day, the trial court issued a temporary Order granting the Petition and sent notice to the parties that it had scheduled a hearing on the Petition for October 3, 2016.

_____

[*] Former Justice specially assigned to the Superior Court.

On the day of the hearing, both parties appeared *pro se*. The entirety of the hearing consisted of the following exchange between the court and Appellant:

> THE COURT: I'm going on the record and just doing an order for both of you. She's getting the house. You're each getting PFA's against each other, and you're going to pay costs. 90 days, 60 days – I'm not going to hear any more. I dealt with the police on Friday. You both should stay away from each other. That's my order, period. You don't need to ask questions.
>
> [APPELLANT]: What's that?
>
> THE COURT: You don't need to ask questions.
>
> [APPELLANT]: Not even for unsworn falsification to authorities?
>
> THE COURT: Call the police. You heard the orders. I'm signing them. Thank you, all. Take her somewhere where she's not around him, period.

N.T., 10/3/16, at 2.

Following the hearing, the court entered an order granting Appellee's Petition. On October 31, 2016, Appellant filed a timely appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the [court] deny [Appellant] [ ] his due process rights, thereby committing an error of law, when the [c]ourt denied [Appellant] a hearing before issuing a final order which is required by Pennsylvania Statute 23 Pa.C.S.[] § 6107?

Appellant's Brief at 3.

It is well settled that "[w]e review the propriety of a PFA order for an abuse of discretion or an error of law." ***Ferko-Fox v. Fox***, 68 A.3d 917, 920 (Pa. Super. 2013).

Appellant claims that the trial court erred as a matter of law in denying him a hearing on the merits of Appellee's Petition. Appellant's Brief at 5, *citing* 23 Pa.C.S. § 6107(a).

The PFA Act states unequivocally: "[w]ithin ten business days of the filing of a petition under this chapter, a hearing **shall** be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S. § 6107(a) (emphasis added). This Court has held that under the PFA Act, evidentiary hearings are mandatory because the statutory use of the word "shall" mandates that a trial court conduct such a hearing. ***Burke ex rel. Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002).

In the instant case, the trial court explained that it conducted the October 3, 2016 hearing as it did because the parties had agreed to entry of the PFA Order in exchange for the court's intervention to prevent the Pennsylvania State Police from filing contempt charges against them. ***See*** Trial Ct. Op., 3/20/17. However, as also noted by the trial court, this agreement does not appear on the record. ***See id.*** In the absence of testimony or other evidence from the parties that they agreed to entry of the PFA Order, we conclude that Section 6107(a) required the trial court to

- 3 -

hold an evidentiary hearing on Appellee's Petition.  The court's failure to do so amounts to reversible error.

The trial court is directed to conduct an evidentiary hearing on Appellee's PFA Petition.

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/8/2017