J-S84001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SIERRA RENEE DZOCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CODY WILLIAM HART | : | |
| | : | |
| Appellant | : | No. 922 MDA 2017 |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
5862 2017

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 21, 2018**

Cody William Hart, Appellant, appeals from the entry of an order pursuant to the Protection from Abuse Act, 23 Pa.C.S. §§ 6101–6122 ("PFA Act").  We affirm.

On May 3, 2017, Sierra Renee Dzoch, Appellee ("the victim"), filed a Petition for Protection from Abuse ("PFA") against Appellant, her ex-boyfriend.  The trial court entered a temporary order that day.  Order, 5/3/17.  The trial court held a hearing on May 11, 2017, at which both parties appeared *pro se*.  Following the hearing, the trial court granted a final PFA order against Appellant for a period of three years.  Order, 5/11/17.  Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

The trial court summarized the factual history as follows:

The record revealed that the parties were previously in a relationship. After the parties had broken up and ceased contact, [Appellant] attempted to call and text the [victim]. [Appellant] then ordered take-out from a golf course restaurant where [the victim] was working. [Appellant] testified that he specifically chose to order food from [the victim's] place of work "hoping that [the victim] would be there so he can talk to her." [The victim] testified that she made clear that the relationship had ended. [Appellant] testified that when he arrived to pick up his order, "his exact words were this: you should really learn how to pick up your phone sometime." [The victim] testified that [Appellant] asked her whether she wanted to come over, and [the victim] testified that "because of prior abuse she didn't feel comfortable doing that."

When questioned about the alleged prior abuse, [the victim] produced photographs and text messages, entered into the record as [the victim's exhibit] 1. The photographs corroborated the allegations in [the victim's] Petition for [PFA], and showed the [victim] with bruising and swelling.

Trial Court Opinion, 9/20/17, at 3–4 (internal citations to the record omitted).

Appellant raises the following questions for our review:

1. Did the trial court commit an error of law in finding there was abuse of the alleged victim?

2. Did the trial court commit an error of law when the record indicates that there was no contact between the Appellant and [the victim] yet the court made a finding of abuse?

3. Did the trial court commit an error of law by allowing the alleged victim to introduce photographs of an automobile accident on October 14, 2016 as evidence of abuse from December of 2016?

4. Did the trial court commit an abuse of discretion when it asked leading questions from the victim in an attempt to formulate testimony?

Appellant's Brief at 4 (full capitalization omitted).

- 2 -

While inartfully worded, Appellant's first two issues assert that there is insufficient evidence of record to support the PFA order. Specifically, he claims that there was no abuse and no contact between Appellant and the victim. As Appellant addresses both issues in one discussion, we will do the same.

We review the propriety of a PFA order for an error of law or an abuse of discretion. *Commonwealth v. Walsh*, 36 A.3d 613, 617 (Pa. Super. 2012). We apply the following standard in reviewing the sufficiency of the evidence under the PFA Act:

> [W]e review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. *Hood-O'Hara v. Wills*, 873 A.2d 757, 760 (Pa. Super. 2005). Furthermore, we must defer to the credibility determinations of the trial court. *Id.* Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. *Id.* at 761. The petitioner's testimony is sufficient if it is believed by the trial court. *Id.*

*Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*). "A preponderance of the evidence is defined as 'the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteri[on] or requirement for preponderance of the evidence.'" *Karch v. Karch*, 885 A.2d 535, 537 (Pa. Super. 2005) (quoting *Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004)) (citation omitted).

The PFA's purpose is to protect victims of domestic violence from the perpetrators of that abuse. *Fonner v. Fonner*, 731 A.2d 160 (Pa. Super. 1999). The PFA Act defines "abuse," in pertinent part, as follows:

> **(a) General rule.--** The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
>
> "**Abuse.**" The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> > 1. Attempting to cause or intentionally, knowingly or recklessly causing bodily injury . . . .
> >
> > 2. Placing another in reasonable fear of imminent serious bodily injury.
> >
> > \* \* \*
> >
> > 5. Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102(a)(1), (2), and (5).

In response to Appellant's assertion of the lack of evidence in the record supporting the PFA order, the trial court referenced the photographs and text messages the victim presented at the PFA hearing, as follows:

> The photographs corroborated the allegations in [the victim's] Petition for [PFA], and showed the [victim] with bruising and swelling. After the [c]ourt advised [Appellant] that he had the right to cross examine the [victim] and tell his own side of the

story, the [c]ourt specifically questioned [Appellant] regarding the photographs:

> THE COURT: Tell me about the picture, the pictures of her swollen face, and the picture of her red eye, the picture of her hand. And you said in a text you didn't really intend to do it. Is that what you're telling me?
>
> [APPELLANT]: Correct.
>
> N.T. pages 7-8.

In granting the order, the court determined the credibility of the testimony and the factors of the PFA Act in its award of the PFA. The [c]ourt found this admission of prior abuse by the [Appellant] to be credible. [Appellant] repeatedly failed to acknowledge the seriousness of the prior abuse, remained fixated on [the victim], and acted upon the fixation by seeking [the victim] out at her place of work. In the instant case, the record supports a finding of that. [Appellant's] conduct reasonably placed [the victim] in fear of imminent serious bodily injury.

Trial Court Opinion, 9/20/17, at 4–5.

It is clear that a PFA victim's fear of the perpetrator may result from past behavior. *See*, *e.g.*, *Ferko-Fox v. Fox*, 68 A.3d 917 (Pa. Super. 2013) (wife's fear of husband stemmed from previous instances of husband's physical abuse). Indeed, this Court has held, "It is possible for a person to be placed in reasonable fear of imminent bodily injury based upon telephone calls, particularly when coupled with the alleged abuser's past history of violence." *Burke ex rel. Burke v. Bauman*, 814 A.2d 206 (Pa. Super. 2008) (citation omitted). Instantly, the trial court found the victim to be credible in her testimony concerning the fear in which she was placed by

Appellant's text messages and his apparent checking on her comings and goings. *See* N.T., 5/11/17, at 3 ("He continued to ask me questions about like what I was doing, who I was with. And I didn't know how he knew, like, what I had been doing."). The victim was particularly fearful due to Appellant's past behavior at his residence. *Id*. The victim testified that Appellant "would lay on top of me on his bed and, like, hold his hand like this (indicating) and put the other one over my mouth so he couldn't hear me cry." *Id*. at 6. As noted by the trial court, she presented photographs of her bruised and swollen face and hand that the trial court concluded "corroborated the allegations in [the victim's] Petition for Protection from Abuse." Trial Court Opinion, 9/20/17, at 4. Appellant's challenges to the trial court's findings are merely disguised requests that this Court substitute its judgment for that of the trial court, which we may not do. *Custer*, 933 A.2d at 1059 (if there is evidence to support the trial court's factual findings, superior court must accept them). We conclude that there is sufficient evidence in the record to support the trial court's finding of abuse.

Appellant's third issue challenges the trial court's admission of, and reliance on, photographs of the victim's face and hand. Appellant's Brief at 9–10. The victim testified that Appellant caused the abuse pictured in December of 2016. N.T., 5/11/17, at 4–5.

This issue is waived for a variety of reasons. First, Appellant has not cited any supporting case law or citations to the record despite allegedly

quoting material in his brief. It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief and supported by citations to relevant authority. *In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017). Second, Appellant did not object to the victim's presentation of the photographs at the hearing. Our law is clear that:

> in order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*Thompson v. Thompson*, 963 A.2d 474, 475–476 (Pa. Super. 2008) (quoting *Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa. Super. 2000)). Appellant's failure to object results in waiver of the issue. Finally, the photographs presented to the PFA court are not included in the record certified to us on appeal. It is well established that an appellate court may not review that which an appellant, despite bearing the burden to so include, has failed to remit within the certified record.

> An appellate court is "limited to considering only those facts that have been duly certified in the record on appeal." *Commonwealth v. Williams*, 552 Pa. 451, 715 A.2d 1101, 1103 (1998). The Rules of Appellate Procedure place the burden

on the appellant to ensure that the record contains what is necessary to effectuate appellate review . . . .

***Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008). This issue is waived.

Appellant's fourth issue is couched in terms of suggesting the trial court improperly asked the victim leading questions. Appellant's Brief at 11. Indeed, Appellant's Pa.R.A.P. 1925(b) statement similarly alleges the trial court abused its discretion in asking the victim leading questions. Statement of Errors Complained of on Appeal, 7/12/17, at ¶ 3. However, in the body of his argument, Appellant contends that the trial court "clearly makes the case in chief" for Appellant. ***Id***. at 12. Once again, Appellant fails to assert any case law in support of this claim.

More significantly, however, Appellant's argument in the body of his brief is different from his statement of the issue in his appellate brief and in his Pa.R.A.P. 1925(b) statement. The trial court rejected the contention that the court improperly questioned the victim and pointed out that pursuant to Pa.R.E. 614(b), "Where the interest of justice so requires, the court may examine a witness regardless of who calls the witness." Pa.R.E. 614(b); Trial Court Opinion, 9/20/17, at 5. Here, both parties appeared *pro se*, and the trial court questioned both parties to adduce testimony relevant to the PFA petition. There was no abuse of discretion related to the trial court's questions posed to the victim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2018