J-S60018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.G. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| W.B. | : | |
| | : | |
| Appellant | : | No. 587 MDA 2018 |

Appeal from the Order Entered March 7, 2018
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-18-206

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 25, 2019**

Appellant W.B. appeals from the order granting Appellee S.G.'s request for a final protection order pursuant to the Protection From Abuse (PFA) Act, 23 Pa.C.S. §§ 6101-6122.  Appellant argues there was insufficient evidence to support the entry of a PFA order.  We affirm.

The trial court summarized the facts based on testimony received from the parties at the PFA hearing on March 7, 2018, as follows:

> The parties appeared for a hearing on the entry of a permanent Protection From Abuse order.  As discussed at the outset of the hearing, [Appellee] was seeking protection for herself and two minor children.[1]  [Appellee] was unrepresented and a colloquy was held between the [c]ourt and [Appellee] on her right to counsel.  [Appellant] appeared and was represented by [c]ounsel.

---

* Retired Senior Judge assigned to the Superior Court.

1 Additionally, Appellee indicated in her PFA petition that she was in fear for the safety of her children.

The [c]ourt heard testimony from [Appellee], the maternal grandmother, and [Appellee's] twelve-year-old son regarding the allegations in the petition. [Appellee] testified to her history with [Appellant] and that she received a text message from [Appellant] in which he ([Appellant]) indicated he would use lethal force on anyone who goes onto his property. Testimony showed that the text message was part of a larger conversation between [Appellee] and [Appellant]. [Appellee] testified that [Appellant] lives in another county some distance from [Appellee] and that he had not attempted to contact her or the children since the filing of the [PFA] petition in this case. [Appellee's mother] testified to seeing the text message, confirmed it read the way [Appellee] testified it read, and taking the text message to the police department with [Appellee]. The twelve-year-old son engaged in a colloquy with the [c]ourt concerning his capacity to testify as a witness. Being satisfied the child understood the nature of telling the truth, the [c]ourt permitted the witness to testify. The child's testimony established that a younger sibling returned to [Appellee's] custody from [Appellant]'s custody with a large bruise on the child's right leg. The child further testified that the bruise was connected to the fact that "He (the younger sibling) got accused of getting into the fireworks when he didn't."

[Appellant] did not testify. Counsel for [Appellant] argued in closing that [Appellee] was not actually afraid of [Appellant] because she had not requested on the [p]etition that she wanted any weapons belonging to [Appellant] relinquished. Counsel argued that the distance between the parties, and the time span between the hearing and the text message should be weighed against the credibility of [Appellee].

Trial Ct. Op., 6/21/18, at 1-2.

At the conclusion of the hearing, the trial court found that Appellant's conduct amounted to "abuse" under 23 Pa.C.S. § 6102(a)(2) and entered a final PFA order. *See* PFA Order, 4/7/18. The trial court explained that

if you have two parents who are in some way going to need to deal with one another about their two children and one parent threatens that if you . . . or anyone you know come to my house I'm going to use lethal force to make you leave, that's a fairly serious threat. It's a threat to kill. That is

- 2 -

sufficient to support the entry of an order for protection from abuse.

N.T., 3/7/18, at 26.

On April 10, 2018, Appellant filed a notice of appeal. Both the trial court and Appellant subsequently complied with Pa.R.A.P. 1925.

Appellant raises one question for our review: "Did the trial court err as a matter of law and/or abuse its discretion in finding that there was sufficient evidence to support the entry of a [PFA] order?" Appellant's Brief at 3.

Appellant claims that there was insufficient evidence to establish that Appellee was placed in reasonable fear of imminent serious bodily injury. *Id.* at 8. He argues that Appellee did not specifically testify that she was in fear of Appellant as a result of the text message. *Id.* at 9. Further, he argues that any such fear would be unreasonable "because of the distance between the two parties and because Appellee had no intention of entering Appellant's property." *Id.* at 9-10. Appellant asserts that "[t]he reasonableness of Appellee's fear necessarily includes an assessment of whether Appellant intended to carry out his alleged threat." *Id.* at 9. According to Appellant, because Appellee did not testify that she intended to enter Appellant's property, it is unreasonable to conclude that his text message threatening harm to anyone who entered his property could place Appellee in reasonable fear of imminent serious bodily injury. *Id.* at 11.

Lastly, Appellant argues that he did not make any direct threats toward Appellee. *Id.* He contends "[e]ven assuming the alleged text did occur, which

was never produced, it was a general threat directed at anyone who would come onto his property and not Appellee specifically." *Id.*

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***Boykai v. Young***, 83 A.3d 1043, 1045 (Pa. Super. 2014) (citation and internal quotation marks omitted). "When faced with a sufficiency challenge under the PFA Act, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence." ***Custer v. Cochran***, 933 A.2d 1050, 1058 (Pa. Super. 2007) (*en banc*). Moreover, in making this assessment, this Court must defer to the credibility determinations of the trial court. ***Id.*** "[T]he preponderance of evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." ***Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super. 2004).

"The [PFA] Act was created to protect the victims of domestic violence from their abusers. Its goal is not punishment of abusers for past violent behavior, but advance prevention of physical and sexual abuse." ***Burke ex rel. Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002) (citations and internal quotations omitted). Section 6102(a) of the PFA Act defines "abuse" as:

> ([1]) intentionally, knowingly, or recklessly causing bodily injury;
> ([2]) placing another in reasonable fear of imminent [serious]
> bodily injury; ([3]) infliction of false imprisonment; ([4])

physically or sexually abusing minor children; or, ([5]) knowingly engaging in a course of conduct or repeatedly committing acts towards another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury.

*Id.* (citing 23 Pa.C.S. § 6102(a)).

Actual physical harm is not a prerequisite for the entry of a PFA order. *Fonner v. Fonner*, 731 A.2d 160, 163 (Pa. Super. 1999). Rather, the victim need only be in reasonable fear of imminent serious bodily injury. *Id.* Thus, in a PFA hearing, the trial court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury, and the intent of the alleged abuser is of no moment. *Buchhalter v. Buchhalter*, 959 A.2d 1260, 1263 (Pa. Super. 2008). Finally, a petitioner need not specifically testify she was in fear, if the totality of the circumstances establishes the petitioner was concerned for her safety. *See T.K. v. A.Z.*, 157 A.3d 974, 978 (Pa. Super. 2017).

Here, in support of its finding that the evidence was sufficient to establish "abuse" under the PFA, the trial court explained:

> The testimony at the hearing indicated that [Appellee] received a text message from [Appellant] where [Appellant] stated that "he doesn't want anybody on his property or he's going to use lethal force". [Appellee] testified that she was in fear of [Appellant] as a result of both the text message and their prior relationship. Counsel for [Appellant] made argument at the conclusion of the hearing which attacked the credibility of [Appellee's] testimony and witnesses. The [c]ourt identified the case *R.G. v. T.D.*, 672 A.2d 341 (Pa. Super. 1996) as standing for the provision that a threat to kill without actual or attempted physical violence is abuse. [Appellant] made the statement in a private text message that would be seen by [Appellee].

> The decision to rule in favor of [Appellee] was based on assessments of credibility made by the [c]ourt on the witnesses who testified. As long as sufficient evidence exists in the record which is adequate to support the trial court's credibility determination, an appellate court is precluded from overturning that finding. ***See In re Lokuta***, 11 A.3d 427 (Pa. 2011).

Trial Ct. Op., 6/21/16, at 2.

Although the trial court's suggestion that Appellee expressly testified that she was in fear of Appellant was not supported by the record, it was reasonable for the court, as fact finder, to infer that Appellee was placed in fear. ***See T.K.***, 157 A.3d at 978. Specifically, Appellee testified that Appellant threatened to use "lethal force" against Appellee or anyone else who attempted to enter his property. Appellee also testified that her son returned from Appellant's house with a bruise. Therefore, in light of our standard of review, and mindful that the trial court was in the best position to evaluate the demeanor of the witnesses and weigh their testimony, we discern no merit to Appellant's arguments that Appellee failed to establish abuse by a preponderance of the evidence. ***See Custer,*** 933 A.2d at 1058.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019