J-A16022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.J.L. | IN THE SUPERIOR COURT |
| Appellee | OF PENNSYLVANIA |
| v. | |
| W.S.M., SR. | |
| Appellant | No. 1144 MDA 2019 |

Appeal from the Order Entered June 13, 2019
In the Court of Common Pleas of Luzerne County
Civil Division at No: 7207-2019

BEFORE:  PANELLA, P.J., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 16, 2020**

Appellant, W.S.M., Sr., appeals from the June 13, 2019 protection from abuse ("PFA") order[1] prohibiting contact with Appellee, C.J.L., his ex-wife of thirty years, for three years.  We affirm.

The trial court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> A PFA order was entered after testimony of record established that the parties were divorced for two and a half (2.5) years and [Appellee] was remarried, when [Appellant] sent a series of text messages to [Appellee] and letters to [Appellee's] church, to [Appellee] and her new husband and her friend […] regarding his feelings about [Appellee] and her actions during the marriage and numerous biblical and scriptural references as to the perceived actions.  Testimony also established that [Appellee] was fearful of [Appellant] based on current and repeated messages, letters, and contact in that they were divorced for 2.5 years and

---

[1] The Protection from Abuse Act (the "Act") is codified at 23 Pa.C.S.A. § 6101 *et. seq.*

she was remarried, and the messages spoke of her prior relationship with [Appellant]. [Appellee] also testified that while the ongoing messages and letters were being written by [Appellant], he followed her to work, causing her to be fearful for her safety.

Trial Court Opinion, 10/30/19,a t 5-6.

Appellee filed her PFA petition on June 13, 2019. That same day, the trial court conducted a hearing with both parties and counsel present. The trial court entered the order on appeal at the conclusion of the hearing. The trial court denied reconsideration on June 21, 2019, and Appellant filed this timely appeal on July 11, 2019. Appellant presents two questions:

> I. Whether the trial judge erred in granting Appellee's petition for protection from abuse where there was insufficient evidence to support a finding of abuse as defined in the PFA Act?
>
> II. Whether the trial judge committed an error of law or abused its discretion when it relied on text messages and letters which were not entered into evidence in entering an order on a protection from abuse petition?

Appellant's Brief at 4.

We conduct our review according to the following standard:

> In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. The PFA Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence. A preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, [enough] to tip a scale slightly.
>
> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial

- 2 -

court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

***E.K. v. J.R.A.***, 237 A.3d 509, 519 (Pa. Super. 2020).

The trial court entered the PFA pursuant to § 6102(a)(5), which defines abuse as "[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5). The trial court's objective is to determine whether the victim's fear is reasonable. ***Raker v. Raker***, 847 A.2d 720, 725 (Pa. Super. 2004). The perpetrator's intent "is of no moment." ***Id.***

Appellant claims the evidence in support of the PFA order was insufficient because his messages were not expressly threatening and because the record contains no evidence of past abusive conduct. Thus, Appellant argues, Appellee could not have been in reasonable fear of bodily injury. Appellant relies on ***D.H. v. B.O.***, 734 A.2d 409 (Pa. Super. 1999), in which the defendant contacted his former lover thirteen times over the span of five days, making apparent threats to the plaintiff's boss and coworker. ***Id.*** at 410-11. This court vacated the PFA, noting that the defendant never threatened the plaintiff (as opposed to his coworker), and that most of the messages expressed no more that the defendant's "chagrin over unrequited love." ***Id.*** at 411.

Appellant also cites **Burke v. Bauman**, 814 A.2d 206 (Pa. Super. 2002), in which this Court reversed an order dismissing a PFA petition. There, we wrote that "the trial court articulated only one basis for its decision: namely, an apparent belief that telephone calls can never form the basis for a PFA order." **Id.** at 209. This Court disagreed, concluding that, "[i]t is possible for a person to be placed in reasonable fear of imminent bodily injury based on telephone calls, particularly when coupled with the alleged abuser's past history of violence." **Id.** (citing **D.H.**, 734 A.2d at 412).

Appellant would have us conclude from **Burke** and **D.H.** that telephone communications support a PFA order if and only if they are accompanied by past violence. Appellant argues that his persistent messages to Appellee were not threatening, and that Appellee's alleged fear of him, in the absence of any past abuse, was unreasonable. We observe that **Burke** and **D.H.** hold that reasonable fear can be based on persistent communications **particularly** where there is a history of abuse. Neither case **required** evidence of past abuse or held that communications alone can never form the basis for a PFA. We further observe that the record before us reflects more than mere communication. Appellee testified that on one occasion Appellant, from his car, noticed Appellee travelling in the opposite direction in her car, and turned and followed her to work.

We have reviewed the applicable law, the record, the parties' briefs, and the trial court opinion. Based on our observations above and the trial court's

thorough and well-reasoned opinion of October 30, 2019, we conclude Appellant's first argument lacks merit.

In his second argument, Appellant claims the trial court erred in relying upon evidence outside of the record. Appellant notes that Appellee did not move into evidence the documentation of his many text messages, nor did Appellee move into evidence Appellant's letters. The record reflects that Appellee prepared exhibits apparently documenting all of the communications from Appellee that prompted her to file a PFA petition. Appellant objected to their admission for lack of authenticity. N.T. Hearing, 6/13/19, at 6-7. The hearing proceeded with both Appellant and Appellee reading portions of Appellee's communications into the record, with each party testifying as to their perceived meaning. At the end of the hearing, Appellee's counsel elected not to move the exhibits into evidence. *Id.* at 44. In preparing its opinion, the trial court relied upon and cited portions of the transcript where one of the parties read a communication into the record. The trial court did not cite or purport to rely on documents not admitted into evidence. Thus, there is no support for Appellant's argument that the trial court based its decision on matters outside of the record. Appellant's brief fails to develop any argument challenging the trial court's reliance on the parties' testimony about the subject communications. We therefore conclude Appellant's second argument lacks merit.

Based on the foregoing, we affirm the trial court's order and direct that a copy of the trial court's October 30, 2019 opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020